LOTTINGER, Judge.
The issue on appeal is whether La.R.S. 12:409 requires that the notice of a rate increase sent to electric cooperative members be contained in a “separate and prominent” document.
In order to institute a 4.8 percent rate increase, Washington-St.Tammany Electric Cooperative, Inc., (WSTEC) published a notice of the proposed increase in the August issue of Louisiana Country, which is a monthly news journal furnished by mail to all WSTEC members. Following publication of the notice, WSTEC held a public hearing on October 24, 1985. At a meeting held on November 14, 1985, the WSTEC board of directors voted in favor of the rate increase and authorized its implementation as of December 1, 1985.
On December 6, 1985 members of WSTEC filed suit against WSTEC alleging the rate increase was illegal because WSTEC had not complied with the notice requirement set forth in La.R.S. 12:409 G(3)(a). In interpreting the statute the trial court ruled in favor of plaintiffs and granted the injunction of the rate increase. Defendant appeals.
The sole issue on appeal is whether the rate increase notice sent to WSTEC members complied with La.R.S. 12:409 G(3)(a).
La.R.S. 12:409 G(3)(a) provides:
Any cooperative not under the jurisdiction of the Public Service Commission, prior to any change in rates charged for electric energy, shall conduct a public hearing after giving sixty days piior written notice by mail to all cooperative members. The notice may be included in a billing notice but shall be a separate and prominent document. The notice shall contain a brief explanation of the reasons for the effect of the rate increase on consumers and inform the consumers of the availability of a complete, written explanation of the reasons for and the basis of the rate increase. Such written explanation shall be available for examination by any member or his representative at all cooperative offices during regular business hours at least sixty days prior to the hearing.
DISCUSSION
The fundamental rule of statutory construction is to ascertain and give effect to the intention of the legislature as expressed in the statute. Spragio v. Board of Trustees, 468 So.2d 1323 (La.App. 1st Cir.1985), writ denied, 472 So.2d 32 (La.1985).
This statute in simple, clear language requires “written notice by mail” sixty days prior to any public hearing to effect any change in rates charged for electric energy. Appellant strongly argues that the permissive exception that the written “notice may be included in a billing notice but shall be a separate and prominent document” is decisive of the issue in this case. We think not. We conclude that the legislature intended that the “written notice” be a separate mailing to all cooperative members. The significance and importance of a rate change, particularly a rate increase, convinces us that the legislature intended every member of the cooper *167 ative be made aware of a pending rate change. An exception was made to a separate mailing by allowing the “notice” to be included in a bill notice as long as it was a separate and prominent document. Otherwise, the required notice could be included in a regular monthly mailing along with various other items of varying interest. Such a mailing would fail to capture the spirit of this statute of notifying the cooperative members of pending rate changes.
Therefore, we affirm at appellant’s costs.
AFFIRMED.